UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FERDINA BUIE,

    Plaintiff,

v.

EXTENDED STAY HOTELS, et. al,

    Defendant.

No. 2:17-cv-02455-MCE-AC

**MEMORANDUM AND ORDER**

By way of this action, Plaintiff Ferdina Buie ("Plaintiff") seeks damages from Defendant Extended Stay America Management ("Defendant" or "ESA Management"), which owns or operates an Extended Stay hotel in Roseville, California, where Plaintiff allegedly experienced a slip and fall accident on the premises. Plaintiff originally filed her action in Placer County Superior Court, and ESA Management removed it to this Court on November 20, 2017, citing diversity of citizenship grounds. ECF No. 1. Presently before the Court is Plaintiff's Motion to Remand the action back to state court. ECF No. 7. For the reasons set forth below, that Motion is DENIED.[1]

///

///

---

[1] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs pursuant to E.D. Cal. Local Rule 230(g).

1

**STANDARD**

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, the defendant may remove it to federal court "embracing the place where such action is pending." 28 U.S.C. § 1441(a). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." Id. § 1331. A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state . . . ." Id. § 1332(a)(1)-(2).

A defendant may remove any civil action from state court to federal district court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). "The party invoking the removal statute bears the burden of establishing federal jurisdiction." Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988) (citing Williams v. Caterpillar Tractor Co., 786 F.2d 928, 940 (9th Cir. 1986)). Courts "strictly construe the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (internal citations omitted). "[I]f there is any doubt as to the right of removal in the first instance," the motion for remand must be granted. Id. Therefore, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to state court. 28 U.S.C. § 1447(c).

If the district court determines that removal was improper, then the court may also award the plaintiff costs and attorney's fees accrued in response to the defendant's removal. 28 U.S.C. § 1447(c). The court has broad discretion to award costs and fees whenever it finds that removal was wrong as a matter of law. Balcorta v. Twentieth-Century Fox Film Corp., 208 F.3d 1102, 1106 n.6 (9th Cir. 2000).

///

**ANALYSIS**

As a preliminary matter, Plaintiff implores the Court to disregard Defendant's tardy Opposition because it was filed seven (7) days late without explanation. The Court will not overlook Defendant's delay and Defendant is admonished that any further failure to comply with the Court's rules may result in sanctions. Nonetheless, because it appears no prejudice has arisen from that delay—and in the interest of deciding the pending motion on the merits rather than on a procedural or calendaring error—the Court has considered all filings by both parties.[2]

Plaintiff argues that remand is warranted because Defendant's Notice of Removal is defective. Specifically, Plaintiff asserts Defendant failed to comply with §§ 1441 through 1452 by (1) failing to provide evidence that the amount in question was greater than $75,000; (2) failing to establish complete diversity; and (3) failing to provide all orders and pleadings from the underlying state court action. Mot., ECF No. 7, at 2.

Regarding the amount in controversy, Plaintiff is correct that the Complaint alleges no specific amount, and Defendant's statement that the amount exceeds $75,000 is conclusory. Plaintiff's prayer for damages seeks non-economic damages in excess of $10,000; medical and incidental expenses; loss of earnings; and prejudgment interest. It is hard to imagine these amounts would not add up to exceed $75,000. Nonetheless, as the removing party Defendant bears the burden of establishing federal jurisdiction, <u>Ethridge</u>, 861 F.2d at 1393, and it must do so by a preponderance of the evidence, <u>Gaus</u>, 980 F.2d at 567. Plaintiff seems to rely heavily on this standard in arguing that Defendant has failed to prove the amount in controversy, but—tellingly— nowhere does Plaintiff actually assert that the amount in controversy doesn't exceed the required minimum.[3]

---

[2] Plaintiff's Objections to Defendant's evidence, ECF No. 11, are also overruled.

[3] Of course, Plaintiff is free to argue or stipulate that the amount it seeks is less than $75,000, but has not done so here.

3

1    Indeed, Defendant has included with its Opposition a Statement of Damages
2 signed by Plaintiff's attorney wherein Plaintiff claims $1,125,000 in total damages, not
3 including interest. The Court may—and does—consider this evidence in determining
4 that removal was proper. See Lewis v. Verizon Commc'ns, Inc., 627 F.3d 395, 400
5 (9th Cir. 2010) (defendant "may rely upon affidavits and declarations to make [the
6 required] showing; the law in the Ninth Circuit expressly contemplates the district court's
7 consideration of some evidentiary record"); see also Valdez v. Allstate Ins. Co., 372 F.3d
8 1115, 1117 (9th Cir. 2004) (court may consider "summary-judgment-type evidence
9 relevant to the amount in controversy at the time of removal"). Although "[i]t is best to
10 make this showing in the notice of removal itself, . . . a party can supplement its showing
11 in an opposition to a motion to remand." Waller v. Hewlett-Packard Co., 11CV0454-LAB
12 RBB, 2011 WL 8601207, at *2 (S.D. Cal. May 10, 2011) (citing Cohn v. Petsmart, Inc.,
13 281 F.3d 837, 840 n.1 (9th Cir. 2002) ("the district court did not err in construing
14 Petsmart's opposition as an amendment to its notice of removal"). The Court therefore
15 finds that the amount in controversy exceeds $75,000.
16     Similarly, Plaintiff argues that Defendant has failed to establish complete diversity,
17 but nowhere does Plaintiff assert that complete diversity is lacking. Rather, it asserts
18 that Defendant's statement in its Notice of Removal that it is a Delaware LLC based in
19 Delaware is not enough to allege citizenship of an LLC. For purposes of diversity
20 jurisdiction, "an LLC is a citizen of every state of which its owners/members are citizens."
21 Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006).
22 Along with its Opposition, Defendant now submits the Statement of Information from
23 ESA Management, filed with the State of California, which shows that ESA Management
24 LLC is a Delaware Company with its primary place of business in North Carolina. The
25 form also states that the member of the LLC is Extended Stay America, Inc. with a North
26 Carolina address. As above, the Court considers this document in determining that
27 Defendant has established complete diversity between the parties.
28 ///

4

Plaintiff's final argument that the action should be remanded because Defendant failed to provide all relevant papers from the underlying state court action is similarly not well taken.[4] Defendant admits that it inadvertently neglected to include certain case management documents, but the Court does not find this excusable neglect to be grounds to remand the action where complete diversity exists between the parties and the amount in controversy exceeds $75,000.

**CONCLUSION**

For the reasons set forth above, Plaintiff's Motion to Remand, ECF No. 7, is DENIED.

IT IS SO ORDERED.

Dated: May 15, 2018

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[4] The missing case management documents have now been provided to the Court as Exhibit A to Plaintiff's Motion.