UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERDINA BUIE,<br><br>    Plaintiff,<br><br>v.<br><br>ESA MANAGEMENT, LLC,<br><br>    Defendant. | No. 2:17-cv-02455 MCE AC<br><br><br>ORDER |

This case is before the undersigned on defendant's motion to compel a physical examination of plaintiff under Fed. R. Civ. P. 35, ECF Nos. 27, 29 (joint statement), pursuant to E.D. Cal. R. 302(c)(1). The matter came on for hearing on August 29, 2018 at 10:00 a.m. ECF No. 30. Jeffrey Fletterick appeared on behalf of plaintiff, and Rebecca Menendez appeared on behalf of defendant. Id. For the reasons stated below, the court grants defendant's motion.

**I.    Relevant Background**

Plaintiff Ferdina Buie filed her complaint in state court; it was removed to this court on grounds of diversity jurisdiction pursuant to 28 U.S.C. § 1441(a). ECF No. 1. Plaintiff is a citizen and resident of the County of Placer, California. Complaint for Damages, ECF No. 1-1 at 8. Defendant ESA Management, LLC is a Delaware limited liability company. ECF No. 1-1 at 34. Defendant owns and operates a hotel known as Extended Stay America ("Extended Stay"), located on 1000 Lead Hill Boulevard in Roseville, California. ECF No. 1-1 at 8.

Plaintiff alleges that on January 12, 2015, at approximately 9:30 a.m., she was on the premises of Extended Stay as a guest, washing dishes in her room. ECF No. 1-1 at 8. Plaintiff fell, allegedly due to water on the floor from a leaky pipe, and sustained injuries. Id. at 8-9. Plaintiff brings claims for negligence and premises liability; in each claim plaintiff alleges she "was hurt and injured her health, strength and activity, sustaining injuries to her body and shock and injury to her nervous system and person, all of which said injuries have caused and continue to cause Plaintiff great physical, mental and nervous pain and suffering." Id. at 10-11, 12.

## II.     Motion

Defendant asks the court to compel plaintiff to submit to a physical examination with Dr. Bruce McCormack pursuant to Fed. R. Civ. P. 35. Defendant seeks an examination based upon plaintiff's "claim of physical injury to her right knee, back and neck." ECF No. 29 at 1.

## III.     Standards Under Rule 35

Rule 35 of the Federal Rules of Civil Procedure allows a court, upon motion and for good cause, to order a physical or mental examination by a suitably licensed or certified examiner of a party whose medical or mental health condition is "in controversy." Fed. R. Civ. P. 35(a); (1964). The rule's requirements "are not met by mere conclusory allegations of the pleadings—nor by mere relevance to the case—but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." Schlagenhauf v. Holder, 379 U.S. 104, 118 (1964). In general, Rule 35(a) is to be construed liberally in favor of granting discovery. See, e.g., Turner v. Imperial Stores, 161 F.R.D. 89, 96 (S.D. Cal. 1995). An order granting a Rule 35 examination "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2)(B).

## IV.     Analysis

The complaint contains specific allegations that defendant's conduct impacted plaintiff's physical condition – indeed, her personal injuries are the basis of her lawsuit – and therefore a physical examination is warranted and defendant's motion must be granted.

There is no real question that plaintiff's injuries to her knee, back, and neck are "in

| | |
|---|---|
| 1 | controversy" in this case. ECF No. 1-1 at 10-11, 12. Plaintiff states in her interrogatory answers |
| 2 | that she "generally sustained injuries to her back, knee, and neck" and that "these conditions are |
| 3 | continuing, and in fact appear to be worsening." ECF No. 29-2 at 10. She is seeking damages for |
| 4 | her injuries. ECF No. 1-1. Accordingly, plaintiff's medical condition is in controversy and she is |
| 5 | properly subjected to a Rule 35 physical examination. |
| 6 | All that remains is determination of the "time place and manner" of the exam. Plaintiff |
| 7 | asserts that "she should have the ability to determine the length and breadth of the examination |
| 8 | based exclusively on her physical complaints." ECF No. 29 at 5. Plaintiff does not challenge |
| 9 | defendant's proposed examiner, Dr. Bruce McCormack. Id. However, she contends that Dr. |
| 10 | McCormack's exam should be limited to 15 minutes in length, should not cover her medical |
| 11 | history, and should be limited to palpitation of her neck, back and knee. Plaintiff's proposed |
| 12 | limitations are unduly restrictive; no competent Rule 35 examination of allegedly serious injuries |
| 13 | could be conducted under the proposed conditions. |
| 14 | The court finds that the time, place, manner, conditions, and scope of the examination |
| 15 | proposed by defendant and Dr. McCormack are reasonable, and adopts them in full. ECF No. 29- |
| 16 | 4 (Declaration of Dr. McCormack). Accordingly, the exam will take place at 2710 Gateway Oaks |
| 17 | Drive, Suite 300 South, Sacramento, CA 95833 on either September 12, 2018 or September 19, |
| 18 | 2018. The exam will last no longer than 2 hours and will be a musculoskeletal/ neurological |
| 19 | exam, which includes examination of plaintiff's neck, arms, legs, and spine. The exam will not |
| 20 | include x-rays, needles or any diagnostic testing other than that which can be done through |
| 21 | observation of plaintiff's movements. The examination will require physical contact with the |
| 22 | plaintiff, active participation of plaintiff, and conversation with her regarding her current |
| 23 | symptoms and what movements on examination cause her pain or does not cause her pain, what |
| 24 | medication she is currently taking, and other information that may be pertinent to assessment of |
| 25 | her medical condition. Plaintiff will be provided with two examination gowns, one which covers |
| 26 | her front and one that covers her back so that no sensitive area of her body will be exposed. |
| 27 | //// |
| 28 | //// |

### V. Conclusion

Defendant's motion to compel a physical examination is GRANTED. The conditions of the examination will conform with those described above.

DATED: August 29, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE